IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRADFORD LEE SOMOS, | ) | CASE NO. 1:22 CV 1081 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CLASSIC MS, LLC, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

**I. Introduction**

*Pro se* plaintiff Bradford Lee Somos filed this action against his former employer, Classic MS, LLC ("Classic") (Doc. No. 1). Plaintiff's complaint concerns his termination from employment with Classic on February 15, 2022. He seeks declaratory and compensatory relief.

According to the complaint, Classic's Human Resources Department advised all employees that Classic intended to mandate Covid-19 vaccinations and employees could contact Human Resources for accommodation requests. (Doc. No. 1 at 2). Plaintiff provided his employer with a "notarized religious exemption letter." Classic advised Plaintiff, however, that the letter he provided was not the correct, updated religious exemption form and he must complete the new form that complied with state and federal laws. (*Id.* at 4). Classic advised Plaintiff that should he choose not to submit the updated exemption form, he would be "removed

from the schedule." (*Id.* at 5). Plaintiff objected to the new form as "legally inappropriate" because it required information concerning his medical history, including previous vaccinations and pharmaceutical drug use. (*Id.*). Plaintiff failed to provide the requested religious exemption form and Classic terminated him.

Plaintiff alleges employment discrimination, and in support, he cites to the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964. Plaintiff contends that Classic's use of a religious exemption form that required medical history information was not "explicitly required for a job duty or business need" and was therefore a violation of the ADA. Plaintiff also alleges that Classic "rejected Plaintiff's religious exemption letter in contradiction to Title VII of the Civil Rights Act of 1964." (*Id.* at 7).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

### III. Discussion

### A. ADA Claim

The Americans with Disabilities Act "broadly prohibits 'discriminat[ion] against a qualified individual on the basis of disability' as it applies to aspects of employment including hiring, advancement, and firing." *Hostettler v. College of Wooster*, 895 F.3d 844, 848 (6th Cir.2018) (quoting 42 U.S.C. § 12112(a)). The ADA requires employers to provide disabled employees with "reasonable accommodations" to avoid discrimination. *See, e.g., Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007). If an employer does not provide reasonable accommodations to disabled employees, an employee has an actionable claim under the ADA. *Id.*

A plaintiff may demonstrate disability discrimination in two ways– directly or indirectly.

*Id.* Under the direct method of proof, the plaintiff must show (1) that he is an individual with a disability, and (2) that he is otherwise qualified for his job despite the disability "(a) without accommodation from the employer; (b) with an alleged 'essential' job requirement eliminated; or (c) with a proposed reasonable accommodation." *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir.2016) (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996) (abrogated by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc)). Claims that allege a failure to accommodate "necessarily involve direct evidence." *Kleiber*, 485 F.3d at 868.

To establish a claim for disability discrimination under the indirect method, a plaintiff must first establish a prima facie case of discrimination by showing that (1) he is disabled, (2) he is otherwise qualified for the position, with or without reasonable accommodation, (3) he suffered an adverse employment decision, (4) the employer knew or had reason to know of the plaintiff's disability, and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Ferrari*, 826 F.3d at 891-92 (quoting *Monette,* 90 F.3d at 1186); *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011). Once the plaintiff establishes a prima facie case under the indirect method, the burden shifts to the defendant to "offer a legitimate explanation for its action." *Monette*, 90 F.3d at 1186 (applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). If the defendant does so, the burden then shifts back to the plaintiff, who "must introduce evidence showing that the proffered explanation is pretextual." *Id.*

Regardless of the method, Plaintiff's argument fails. Here, Plaintiff states that Classic's use of a religious exemption form that requires information concerning Plaintiff's medical

history violates the ADA because this information is not required for the job or Classic's business need. Plaintiff, however, has failed to allege any facts that, if believed, would support an ADA claim. Importantly, he has failed to allege that he is an individual with a disability, which is a prerequisite to demonstrating that he is qualified for protection under the ADA. *See Alessio v. United Airlines, Inc.*, No. 5:17-cv-01426, 2018 U.S. Dist. LEXIS 197834, at *6( N.D. Ohio Nov. 20, 2018). This failure, alone, is fatal to his claim. *See, e.g., Currie v. Cleveland Metro. Sch. Dist.*, No. 1:15 CV 262, 2015 U.S. Dist. LEXIS 87311, 2015 WL 4080159, at *4 (N.D. Ohio July 6, 2015) (dismissing *pro se* complaint, noting "[a] complaint alleging an ADA violation is properly dismissed for failure to identify a disability").

Plaintiff therefore fails to state a claim upon which relief can be granted under the ADA.

**B. Title VII Claim**

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(1). It is a violation of Title VII to take an adverse employment decision against an employee because of his membership in a protected class. *See, e.g., White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 240 (6th Cir. 2005).

To establish a Title VII religious discrimination claim, a plaintiff must either present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment. *Johnson v. Kroger Co.*, 319 F.3d 858, 864-865 (6th Cir. 2003). To establish a prima facie case of religious discrimination using circumstantial evidence, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he was qualified for

his job; (3) he suffered an adverse employment decision; and (4) he was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir.2008); *Makar v. Cleveland Clinic Found.*, No. 1:19CV1185, 2021 U.S. Dist. LEXIS 45784, at *10 (N.D. Ohio Mar. 11, 2021).

Here, Plaintiff has failed to allege sufficient facts supporting a plausible religious discrimination claim. First, Plaintiff fails to allege any facts of direct religious discrimination. Direct evidence is "that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Johnson*, 319 F.3d at 865 (citing *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999)). Such evidence "does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." *Id.* Plaintiff has presented no such evidence.

Plaintiff also fails to establish a prima facie case of religious discrimination as he fails to allege facts suggesting that he was replaced by a person outside the protected class or that he was treated differently than similarly situated non-protected employees. In fact, according to the complaint, Classic required all of its employees to complete the religious exemption form should they wish to seek an accommodation. (*See* Doc. No. 1 at 2). And only when Plaintiff failed to complete the form was he terminated.

Plaintiff has therefore failed to state a Title VII claim upon which relief can be granted.

## IV. Conclusion

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 27, 2022